FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 31, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIAN LEE M., | No. 2:17-CV-00206-SMJ |
| Plaintiff, | |
| v. | **ORDER RULING ON MOTIONS FOR SUMMARY JUDGMENT** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff Brian Lee M. appeals the Administrative Law Judge's (ALJ) denial of his application for Supplemental Security Income (SSI). He alleges that the ALJ (1) erroneously rejected medical opinions, and (2) improperly discredited his symptom testimony. The Commissioner of the Social Security Administration asks the Court to affirm the ALJ's decision.

After reviewing the record and the relevant authority, the Court is fully informed. For the reasons set forth below, the Court finds that the ALJ properly weighed the medical opinions and symptom testimony. Accordingly, the Court grants the Commissioner's motion for summary judgment and denies Plaintiff's motion for summary judgment.

ORDER RULING ON MOTIONS FOR SUMMARY JUDGMENT **-** 1

# I. BACKGROUND[1]

At the time of the alleged onset date, Plaintiff was 28 years old and lived in Pasco, Washington. Plaintiff graduated from high school and completed some post-secondary school work. Plaintiff has worked as a waitress, a sales clerk, an office manager, and, most recently, a bartender. Plaintiff was terminated from his position as a bar tender due to poor performance.

Plaintiff filed an application for SSI on January 15, 2013, alleging disability beginning June 1, 2012. AR 232–40. His claim was denied initially and upon reconsideration, and Plaintiff requested a hearing. AR 151–57, 160–64. A hearing was held in Spokane, Washington before ALJ Lori Freund on December 8, 2014, and supplemented on July 14, 2015. AR 46–115. The ALJ issued an unfavorable decision. Plaintiff filed a request for review by the Appeals Council, which was denied.

---

[1] The facts are only briefly summarized. Detailed facts are contained in the administrative hearing transcript, the ALJ's decision, and the parties' briefs.

## II. ALJ FINDINGS[2]

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 12, 2014. AR 22.

At step two, the ALJ concluded that Plaintiff had the following medically determinable severe impairments: chronic low back strain with mild degenerative disc disease of the lumbar spine and polysubstance dependence (20 404.1520(c) and 416.920(c)). AR 22.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. AR 25.

At step four, the ALJ found that Plaintiff had the residual functional capacity to perform sedentary work as defined in 20 C.F.R. sections 404.1567(a) and 416.967(a) with the following limitations: Plaintiff would need a sit-stand option, allowing for changes in positioning in at least 30-minute intervals. Plaintiff should avoid climbing ladders, ropes, or scaffolds but can occasionally climb ramps or stairs with use of a hand rail and can occasionally stoop, kneel, crouch, crawl, and balance. Plaintiff should avoid concentrated exposure to extreme temperatures and

---

[2] The applicable five-step disability determination process is set forth in the ALJ's decision, AR 20–21, and the Court presumes the parties are well acquainted with that standard. Accordingly, the Court does not restate the five-step process in this Order.

ORDER RULING ON MOTIONS FOR SUMMARY JUDGMENT - 3

excessive humidity or wetness, and should avoid all exposure to excessive or industrial-type vibration. Plaintiff should also avoid unprotected heights, hazardous machinery, and the operational control of moving machinery or moving mechanical parts. AR 25.

In determining Plaintiff's physical capacity, the ALJ gave great weight to the March 2015 opinion of reviewing physician Dr. Anthony Francis. AR 29–30. The ALJ gave significant weight to the July 2014 opinion of examining nurse practitioner Fred Itveldt, the May 2015 opinion of examining nurse practitioner Lisa Phillips, and the May 2015 opinion of examining physician assistant John Colver. AR 30. The ALJ assigned significant weight to the November 2014 opinion of treating physician assistant Ryan Sanders with the exception of his determination that Plaintiff is unable to work for more than one to ten hours per week, to which the ALJ assigned little weight. AR 30. The ALJ assigned little weight to the July 2015 opinion of treating source William Philips. AR 30.

At step five, the ALJ found Plaintiff is unable to perform any past relevant work and there are jobs existing in significant numbers in the national economy that Plaintiff could perform. AR 31–32.

## IV. STANDARD OF REVIEW

The Court must uphold an ALJ's determination that a claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the

record as a whole to support the decision. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (citing *Stone v. Heckler*, 761 F.2d 530, 531 (9th Cir.1985)). "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). This must be more than a mere scintilla, but may be less than a preponderance. *Id.* at 1110–11. Even where the evidence supports more than one rational interpretation, the Court must uphold an ALJ's decision if it is supported by inferences reasonably drawn from the record. *Id.*; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

## V. ANALYSIS

**A.    The ALJ properly weighed the medical opinion evidence.**

Plaintiff argues that the ALJ failed to adequately consider the opinions of treating physicians Dr. William Phillips and treating physician assistant Ryan Saunders. ECF No. 13 at 9–10. There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (non-examining physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201–02 (9th Cir. 2001). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a nonexamining

physician's. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.*

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).

**1. Dr. William Phillips, M.D.**

Plaintiff argues that the ALJ erred in assigning little weight to Dr. Phillips's opinion that Plaintiff was unable to perform even sedentary work. ECF No. 12 at 14–15. Dr. Phillips completed a documentation request for medical/disability condition for the Department of Health and Human Services (DSHS) on July 13, 2015. AR 792–93. Dr. Phillips reported a diagnosis of "chronic lumbar pain now with acute worsening pain and bilateral LE weakness" as well as depression and

Irritable Bowel Syndrome. AR 792. Dr. Phillips opined that Plaintiff is unable to lift, stoop, bend at the waist, and sit or stand on a prolonged basis. AR 792. Dr. Phillips also opined that Plaintiff is severely limited such that he is unable to lift at least two pounds and is unable to stand and walk and that he is unable to participate in work activity. AR 793. The ALJ assigned "little weight" to Dr. Phillips's opinion, reasoning that the limitations were not supported by objective medical evidence. AR 30.

The ALJ has provided a specific and legitimate reason supported by substantial evidence in the record. "[W]hen evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bayliss*, 427 F.3d at 1216. Here, Dr. Phillips's opinion is all three. Dr. Phillips states, without support, that Plaintiff is completely unable to perform even sedentary work. When asked if the diagnoses he identified were "supported by testing, lab reports, etc.," Dr. Phillips did not answer and instead wrote "need copies of all." AR 792. There is no other indication in Dr. Phillips's report that any objective evidence supported his opinion. AR 792–94. Accordingly, the ALJ did not err in rejecting Dr. Phillips's July 2015 opinion.

## 2. Ryan Saunders, PA-C

On November 14, 2014, Saunders completed a documentation request form for DSHS. AR 524–28. Saunders stated that Plaintiff had "lumbar spine pain with spondylosis, bilateral neuroforaminal stenosis L 4–5, and failed epidural steroid injections [with] no relief." AR 524. Saunders opined that Plaintiff would require the following limitations: "No lifting, pushing or pulling over 10 lbs. No twisting, bending, crawling, stooping, climbing ladders, or vibratory tasks. Cannot sit, stand or walk for extended periods." AR 524. Saunders indicated Plaintiff could participate in sedentary work involving lifting 10 pounds frequently, lift or carry files and small tools. A sedentary job may require sitting, waling and standing for brief periods. AR 525.

The ALJ assigned "little weight" to Saunders's determination that Plaintiff is unable to work for more than one to ten hours each week. AR 30. The ALJ found that this conclusion was inconsistent with the physical examination findings showing that Plaintiff maintained some degree of functioning throughout the period at issue. AR 30. Plaintiff asserts that "[t]he ALJ's finding is flawed because the ALJ's finding concerning Mr. McElyea's degree of functioning is erroneous in the first instance and also has nothing to do with the opinion." ECF No. 12 at 14.

As a preliminary matter, Saunders is not an "acceptable medical source." Accordingly, in rejecting Saunders's opinion, the ALJ must provide only germane

reasons specific to Saunders's opinion. *See Dodrill v. Shalala*, 13 F.3d 915, 918–19 (9th Cir. 1993). The ALJ met this standard here. Although Mr. Saunders believed Plaintiff could not lift more than 10 pounds and could not sit, stand, or walk for extended periods, other evidence showed that Plaintiff's strength was intact. AR 426-27 (July 7, 2014 treatment notes showing upper and lower extremity strength within normal limits), 518-22 (April 2, 2014 treatment notes showing "paracervical and neck muscle strength within normal limits"), 635 (June 28, 2014 treatment notes showing 5/5 strength), 750 (November 26, 2011 treatment notes showing full cervical range of motion, grossly intact musculoskeletal exam), 755 (December 23, 2014 treatment notes showing Plaintiff walked with a normal gait, 5/5 power in upper and lower extremities). The ALJ therefore did not err in rejecting this portion of Saunders's opinion.

**B.     The ALJ did not err in finding Plaintiff's symptom testimony as not credible.**

Plaintiff asserts that the ALJ erred by discrediting his symptom testimony. ECF No. 12 at 11–13. The ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112. Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject

the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). An ALJ must make sufficiently specific findings "to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." *Tommasetti*, 533 F.3d at 1039 (citations omitted). General findings are insufficient. *Lester*, 81 F.3d at 834. Courts may not second-guess an ALJ's findings that are supported by substantial evidence. *Id.*

In making an adverse credibility determination, an ALJ may consider, among other things, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) the nature, severity, and effect of the claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002).

Plaintiff testified that he has chronic back pain with pain radiating down his legs, in his hip bones, up his spine to the mid-shoulder area in his neck, and when bending forward or side to side. Plaintiff testified that, as a result of this pain, his ability to move is severely limited. He testified that he does not take showers on a daily basis, can only dress himself independently on a "good day," which occurs approximately three to four days per week. He testified that he avoids bending and

cannot squat or stoop. He also testified that he experiences nerve pain. He testified that on a "good day," he can stand for approximately 15 to 20 minutes at a time and can walk a distance of approximately one and a half blocks. He also testified that he has difficulty lifting ten pounds with both arms, and a weight equivalent to a gallon of milk with his left arm.

The ALJ determined that that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible. Specifically, the ALJ found that Plaintiff was not credible and his symptoms were unsupported by the objective medical findings.

The ALJ first found that Plaintiff's symptom testimony was not credible. The ALJ noted that, despite Plaintiff's representations that he has been unable to work since the alleged onset date, the record showed he continued to work until at least May 2015. Plaintiff argues that the ALJ improperly "seize[d] upon notations in the medical record, which the ALJ employ[ed] in an effort to show scurrilous intent." ECF No. 12 at 11. He argues that "[t]his is precisely the type of finding that [SSR 16-3p was] implemented to avoid." *Id.* at 11–12. Social Security Ruling (SSR) 16-3p directs that ALJs "will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation," and must "limit

their evaluation to the individual's statements about his or her symptoms and the evidence in the record that is relevant to the individual's impairments."

SSR 16-3p was decided March 28, 2016 and applies only to cases decided after that date. Because the ALJ's decision predates this ruling, it does not apply to this case. However, even if it did, the ALJ properly limited her assessment to Plaintiff's statements about his symptoms. The ALJ did not "seize upon" Plaintiff's statements to show "scurrilous intent," but rather to show that Plaintiff was not precluded from all work activity as he alleged. This is a proper consideration and the ALJ did not err in basing her adverse credibility on this evidence in part.

The ALJ also noted that Plaintiff's repeated attempts to lift his toddler-aged son undermine his assertion that he experienced excruciating pain that prohibited him from all work activity. An ALJ may discount a claimant's allegations when "activities [] are incompatible with the severity of the symptoms alleged." *Ghanim*, 763 F.3d at 1165. Plaintiff's efforts to lift his child are inconsistent with his allegations that he is entirely precluded from work activities.

The ALJ next noted that Plaintiff reported improvement with prescribed medications. For example, in September 2014, he reported that his chronic lower back pain was stable with prescription medication. Likewise, in December 2014, he reported that his prescribed pain medications were working "very well," and in July 2015 he reported "good relief" of his symptoms with the use of prescription pain

medications. The effectiveness of treatment is a relevant factor in determining the severity of a claimant's symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). The ALJ therefore reasonably weighed this evidence against Plaintiff's credibility.

Finally, the ALJ found that Plaintiff's symptom allegations are largely unsupported by the objective medical findings contained in the record. The ALJ found it "significant that various medical personnel have consistently noted that the severity of the claimant's symptoms is not borne out by the objective medical evidence." AR 28. An ALJ may weigh medical opinions against a claimant's allegations. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). The inconsistency between Plaintiff's complaints and the medical assessments was therefore a reasonable basis for the ALJ's adverse credibility finding.

In sum, the reasons proffered by the ALJ are supported by substantial evidence in the record. The ALJ therefore provided specific, clear, and convincing reasons to discount Plaintiff's testimony, and did not err in so doing. *See Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014).

**C.     The ALJ did not err in her Step 5 determination.**

Plaintiff asserts summarily that the alleged errors discussed above resulted in "ancillary errors." ECF No. 12 at 14–15. Because the ALJ did not err in considering the medical or opinion evidence, the Court need not address this argument.

## VI. CONCLUSION

For the reasons discussed, **IT IS HEREBY ORDERED**:

**3.** Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.

**4.** The Commissioner's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED**.

**5.** **JUDGMENT** is to be entered in the Commissioner's favor.

**6.** The case shall be **CLOSED**.

**IT IS SO ORDERED**. The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 31st day of July 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER RULING ON MOTIONS FOR SUMMARY JUDGMENT **-** 14